## SEAMAN v. JOHNSON.

(Circuit Court, E. D Pennsylvania. March 1, 1901.)

No. 20.

1. PATENTS—SUIT BY LICENSEE—PRELIMINARY INJUNCTION.

A court will not grant a preliminary injunction restraining defendant from manufacturing or dealing in certain patented articles on an allegation that such business would be in violation of complainant's rights as exclusive licensee for the sale of such articles under a license to which defendant is not a party, where the suit is not one for infringement of the patents; and the question whether defendant is so connected with the licensor as to make him equitably a party to the license contract is one to be determined on final hearing.

2. UNFAIR COMPETITION—LICENSEE UNDER PATENT—RIGHT TO EXCLUSIVE USE OF TRADE-NAME.

A federal court granted a temporary injunction restraining a licensor from canceling a license which gave the licensee the exclusive right to

sell and deal in a patented article, designated by the inventor by the name of "Gramophone," in the United States. *Held* that, the contract having been, in effect, declared in force by such injunction, the licensee was entitled to a preliminary injunction in another jurisdiction to restrain unfair competition by another by using the name "Gramophone," to the exclusive use of which the complainant was entitled under his license so long as it remained in force.[1]

In Equity. On motion for preliminary injunction.

Waldo G. Morse and Russell Duane, for complainant.

Howard W. Hayes and Horace Pettit, for respondent.

GRAY, Circuit Judge. This is a motion for preliminary injunction. The material allegations of the bill are: That one Emil Berliner was the original and true inventor of certain new and useful improvements in recording and reproducing speech and other sounds, for which letters patent were duly granted to him under the laws of the United States. That the machine made under said patent was designated by the said inventor as a "Gramophone," a word coined and applied by him to his said invention. That under assignments and licenses from the said Berliner the exclusive right to manufacture and control the said inventions, including the use of the designation "Gramophone," came to the Berliner Gramophone Company, a corporation existing under the laws of the state of Virginia. That thereafter, to wit, on October 6, 1896, the said Berliner Gramophone Company entered into a certain contract and agreement in writing with the said complainant, by which, among other things, and for considerations therein named, it conferred upon the said complainant the sole and exclusive right, as its licensee, to buy, sell, and deal in the gramophones and gramophone goods, throughout the United States of America, embodying the said Berliner invention, and all improvements therein that may come into the licensor's control, for a period of 15 years from the date of said agreement; it being understood and agreed that the licensor should manufacture, upon the order of the said licensee, the articles covered by said patents, and sell the same to him exclusively, upon the terms in said agreement stated. That the said complainant, the licensee, should, in consideration of the premises, devote his time and attention exclusively to the advertising and putting upon the market the goods so manufactured by the said Berliner Company, the licensor. That in the course of business under and pursuant to said contract the said Berliner Gramophone Company employed Eldridge R. Johnson, the defendant in this suit, to manufacture for it the gramophones ordered by said plaintiff under the said contract, and from the date of said contract until some time in June, 1900, the said Johnson did manufacture for the said Berliner Gramophone Company all the gramophones furnished to the said complainant, and sold by him under the terms of said agreement. In the month last named, the com-

---

[1]Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lake v. Harper & Bros., 30 C. C. A. 376.

plainant, owing to certain misunderstandings in regard to his conduct under said contract, and to the alleged refusal of the said Berliner Gramophone Company to longer consider itself bound thereby, or to act under it, filed his bill against the said Berliner Gramophone Company in the circuit court for the Western district of Virginia, praying, among other things, for an injunction, preliminary and permanent, to restrain the said defendant from canceling said agreement, or for refusing to perform the covenants on its part therein contained, or from assigning or transferring its title or interest in the patent rights aforesaid, or from dealing in regard to said patent rights with any other person than the complainant. A bill also was filed in the circuit court for the district of West Virginia against the United States Gramophone Company, the predecessor and licensor of the said Berliner Gramophone Company, in which the same prayers for relief were contained.

In both suits preliminary injunctions were granted as prayed for. These preliminary injunctions being in force, practically restraining the cancellation of the said contract of October 6, 1896, and the doing of anything by the defendants in derogation of the rights of Frank Seaman, the plaintiff herein, under said contract, it is in the present motion, in accordance with the prayer of the bill filed in this cause, asked that a preliminary injunction be issued against the defendant herein, restraining him from manufacturing or dealing in any of the articles which were the subject-matter of the said contract of October 6, 1896. The said Johnson, however, is not a party to that contract, and, whatever the Berliner Gramophone Company or the United States Gramophone Company may be obliged under the terms of said contract to do towards restraining him from the acts aforesaid, there is no nexus of obligation between the said defendant and the said complainant herein by reason of said contract. As to said defendant, it is res inter alios acta. The present suit is not, and during the argument of this motion it has repeatedly been declared by counsel for complainant not to be, one for infringement of patent rights, but one founded upon special equities alleged to arise out of said contract and the preliminary injunctions in Virginia and West Virginia, temporarily declaring said contract to be still in force. We do not feel at liberty, therefore, at this stage of the case, to issue a preliminary injunction, which would involve a determination of the question whether the defendant was so identified with the Berliner Gramophone Company as to make him practically and equitably a party to the contract of that company with the complainant herein. The injunctions referred to having, however, in effect, temporarily declared the contract in question to be in force, the right of the complainant herein to a part of the relief asked may be considered. As we have said, the suit cannot be considerd one for infringement, but it may be considered one to restrain the defendant from unfair competition by the use of the trade-name "Gramophone," to which, under the contract, complainant is clearly entitled, in the conduct of his business, as exclusive dealer in and seller of the articles to which that name has been applied by the inventor.

It is ordered, therefore, that a preliminary injunction in the respect and to the extent here indicated issue in accordance with the fourth prayer of the bill in that behalf.